No. 758.—VALERY S. MARTIN, Administrator, *v.* SIDNEY AND WESLEY SINGLETON.

23 551
51 1725

The purchasers of a plantation at probate sale gave their notes to the administrator with an obligation, conditioned that if the heirs could not be forced to receive Confederate treasury notes in payment of the price, then the notes given were to be exigible. The heirs refused to receive Confederate notes in discharge of the debt. Suit was brought on the notes. Held—That inasmuch as the heirs had not accepted the Confederate notes in discharge of the debt, and under existing laws they could not be compelled to receive them, the notes given under the terms of the conditional obligation were still due and unpaid.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train,* J. *Deblanc & Perry* and *Felix Voorhies,* for plaintiff and appellee. *E. L. Simon* and *L. J. Gary,* for defendants and appellants.

LUDELING, C. J. In September, 1859, the defendants bought at a succession sale a plantation, and for the price executed their notes, *in solido,* in favor of the administrator of the succession.

In 1862, the defendants offered to pay the notes in Confederate currency, and the administrator agreed to receive the currency, on condition that the heirs, to whom the proceeds of the notes would go when collected, could be forced to receive the currency, and the following agreement was signed by the defendants:

Martin, Administrator, v. Sidney and Wesley Singleton.

"August 1, 1862. The undersigned promise to pay to Simeon Valery Martin the sum of $4394, for so much coming to the heirs of Eliza Steen, deceased wife of Henry Kellis, from the estate of Elias Steen. We promise to pay said amount if Mr. S. V. Martin can not force said heirs to accept Confederate notes in payment of their share; otherwise, if the heirs are forced to accept Confederate notes, this note will be null.

(Signed) .          .          WESLEY SINGLETON,
                                SIDNEY SINGLETON."

The notes were delivered to the defendants.

This suit is to enforce the payment of the notes thus surrendered. There was judgment in favor of the plaintiff against Sidney Singleton for the whole amount. Wesley Singleton having died before the trial, there was no judgment as to him. There is no error in the judgment.

The condition, upon the happening of which the deposit of the Confederate currency was to be a payment or discharge of the obligations of the defendants, never occurred. The heirs did not receive the money, nor could they have been forced to do so in this State. The notes, therefore, according to the terms of the agreement, are still unpaid.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.